(Hamilton County Court of Common Pleas.)

EMMA V. JACOBS v. THE CITY OF CINCINNATI.

Where an abutting property owner receives no notice of a resolution to improve the street, he .is relieved from the penalty of being deemed to have waived damages by reason of not having filed a claim. The right exists to file a claim for damages under sec. 2326, independent of the provisions of sec. 2315, where the provisions of sec. 2315 do not apply. The concluding provision of sec. 2315 as to transfer of title does not apply to the terms of sec. 2326.

(Decided March, 1895.)

Heard on demurrer.

SAYLER, J.

The plaintiff sets out in her petition that she is the owner of a lot of land fronting·on Baltimore avenue, and improved with a dwelling house, etc., with reference to the grade of the street as established and maintained by the city for many years; that the city, on March 2, 1877, changed the grade by ordinance duly passed; that on February 20, 1891, the city adopted a resolution declaring it necessary to improve the street, by grading to the established grade, bouldering, etc., the cost of the improvement and damages to abutting property to be assessed on the lands abounding on the street; that no notice of said resolution was served upon the plaintiff after she became the owner of the lot, or upon any person in the chain of title owning said premises after said resolution was passed, so that she or they might file a claim; that after the time fixed for filing claims, towit, on November 10, 1893, she duly filed a claim for damages with the board of administration, setting forth a description of the premises, and that she was damaged by the making of the improvements in the sum of $3,000; that on July 31, 1891, the board of legislation passed an ordinance providing that the improvement be made in accordance with said resolution, and that the claims filed for damages under said resolution be judicially inquired into after the completion of the improvement; that the improvement was made in accordance with the resolution and ordinance, and the street in front of the premises of the plaintiff was graded down about fifteen feet, whereby her said premises were damaged in the sum of $3,000.

The defendant files an answer, and, after denying in a first defense, says:

"For a second defense the city of Cincinnati says that since the filing of this petition, to-wit, on December 18, 1894, this plaintiff, Emma V.

Jacobs, per Robert M. Archibald, sheriff of Hamilton county, conveyed the property described in her petition, which is the subject of this action, for a consideration of $1,166 .67 in fee simple to the Ohio Hospital for Women and Children, by deed recorded February 12, 1894, at 2:54 p. m., in deed book 781, p. 409, of Hamilton county records."

The plaintiff demurs to this second defense.

It is claimed by the solicitors for the city that a property owner must file a claim for damages before he can maintain a suit for the same, and, although it is stated in the petition that no notice was served on the owner of the property, yet, in fact, the plaintiff did file a claim for damages under section 2315, Rev. Stat; that said section provides "that if, subsequent to the filing of such claim, the owner sells the property, or any part thereof, the assignee shall have the same right to damages which the owner would have had without the transfer"; that, under this provision, the claim for damages runs with the land, and that by the sale of the property set out in the petition, the right for damages passed to the assignee under the sheriff's deed, and that, therefore, the right of the plaintiff to prosecute under this section has ceased.

Under section 2304, Rev. Stat., when it is deemed necessary to make a public improvement, the council shall declare, by resolution, the necessity of such improvement, and shall give notice of such resolution to the owners of the abutting property.

Under section 2315, an owner claiming that he has sustained damages by reason of the improvement shall, within two weeks after the service of such notice, file a caim in writing with the clerk of the corporation, setting forth the amount of the damages claimed, and an owner who fails to do so shall be deemed to have waived the same, and shall be barred from filing a claim or recovering damages; and the section makes further provision, as above set out, in case of a transfer of the property.

As no notice of the resolution was given to the plaintiff, no opportunity was given to her to file a claim under section 2315, and she is relieved from the penalty of being deemed to have waived all claim for damages by not filing her claim with the clerk, and she may enforce such claim, if any she has, against the city by appropirate independent action. (9 C. C. R. 194.)

Section 2326 provides that no person who claims damages, arising from any cause, shall commence a suit against the corporation until he files a claim for the same with the clerk of the corporation, and sixty days elapse thereafter to enable the corporation to take such steps as it may deem proper to settle or adjust the claim.

In the case of Cohen v. Cleveland, 43 Ohio St. 190, the court say (Ib. 195), that the difference between sections 564 and 575, now sections 2315 and 2326, Rev. Stat., is marked; that section 575 is broader than section 564, and embraces not only the cases provided for by section 564, but apparently all claims arising from improvement; possibly others. But failure to comply with section 564, when that section is applicable, is a bar to any action; while failure to comply with section 575, though it would defeat the pending action, would not be a bar to another suit based on a claim properly filed under that section subsequently to the first suit." Ib.

It seems to me this is a distinct recognition of the right to file a claim under section 2326, independent of the provisions of section 2315, in cases where the provisions of section 2315 do not apply. As no notice was given, the plaintiff was relieved from the penalties of section 2315, and may proceed by independent action, and this she may do by filing claim under section 2326.

As the terms of section 2326 are broader than those of 2315, the concluding provision of section 2315, as to transfer of title, cannot be extended, by construction, to apply to the terms of section 2326.

It seems to me that the claim of the plaintiff was filed under section 2326, and that she may maintain her action, notwithstanding the subsequent transfer of title.

The demurer will be sustained.

A H. Bode, for plaintiff.

Fred Hertenstein, contra.